IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv42-WHA |
| | ) | WO |
| ERIC MOORMAN | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 5) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 filed by federal inmate ERIC MOORMAN ["Moorman"] on 11 January 2006. In addition, the government has addressed Moorman's claim that his sentence violates the holding of *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). In its response, the government argues that Moorman's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government contends that Moorman's convictions for conspiracy to distribute cocaine base and possession with intent to distribute cocaine base became final on 30 June 1999 – 90 days after entry of the appellate court's judgment affirming the convictions – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. *See 16 Feb. 2006 Response of United States* (Doc. # 5) at 3. The government further argues that Moorman's claim that his

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

sentence violates the holding in *Booker* is not cognizable by this court because *Booker* is not retroactively applicable to cases on collateral review. *Id* at 3-4.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Moorman was convicted on 19 May 1995, and he was sentenced on 24 August 1995. *See 16 Feb. 2006 Response of United States* (Doc. # 5) at 2. He appealed to the Eleventh Circuit Court of Appeals, and on 1 April 1999, that court affirmed his convictions and sentence. *Id*. Moorman did not petition the United States Supreme Court for a writ of certiorari. Under the directives of 28 U.S.C. § 2255, then, his convictions became final on 30 June 1999 – 90 days after entry of the appellate court's judgment affirming the convictions.[2] Thus, Moorman had until 30 June 2000 to file a timely § 2255 motion. The

---

[2] When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

instant § 2255 motion was not filed until 11 January 2006.

As indicated above, 28 U.S.C. § 2255 directs that in those cases where the alleged "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court ...." The government is correct in arguing that *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), has not been made retroactively applicable to cases on collateral review.[3] *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). *See 16 Feb. 2006 Response of United States* (Doc. # 5) at 3-5. Therefore, Moorman is not allowed a tolling of the limitation period until the release of *Booker* on January 12, 2005. Further, it does not appear that any of § 2255's other exceptions to application of the limitation period are applicable in this case.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Moorman's filing his motion to vacate. Accordingly it is

ORDERED that on or before 9 March 2006, Moorman shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year

---

[3]Thus, the government also argues that Moorman's claims for relief based on *Booker* are not cognizable by this court in a § 2255 proceeding. *See 16 Feb. 2006 Response of United States* (Doc. # 5) at 3-4

limitation period established by the AEDPA and for the other reasons stated in the government's response.

Done this 17th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE