IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO.2:06cv42-WHA |
| | ) | [WO] |
| ERIC MOORMAN | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. FACTS and PROCEDURAL HISTORY**

Eric Moorman ("Moorman") was convicted in this court of conspiracy to distribute cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a)(1).  On August 24, 1995, Moorman was sentenced to serve concurrent terms of 328 months' imprisonment on each count.  He filed a direct appeal, and on April 1, 1999, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence.  Moorman did not petition the United States Supreme Court for certiorari review.

On January 11, 2006 (Doc. No. 1), Moorman filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]  In his motion, Moorman argues that the district court violated *United States v. Booker*, 543 U.S. 220 (2005), when it increased his sentence based on judge-made findings regarding the quantity of drugs attributable to him

---

[1]Although Moorman's § 2255  motion was date-stamped "received" in this court on January 18, 2006, this court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, January 11, 2006, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

and his possession of a firearm in connection with his drug offense.[2]  Moorman further argues that his counsel was ineffective for failing to raise this claim at his trial and sentencing.

Pursuant to the orders of this court, the United States filed a response to Moorman's motion to vacate, in which the government argues, *inter alia*, that the motion is barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions.  *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[3]  With regard to the limitation period, the government contends that Moorman's conviction became final on June 30, 1999 – 90 days after entry of the appellate court's judgment affirming the conviction – and that the instant § 2255 motion is untimely because it was filed well after expiration of the one-year period of limitation.  Moorman was afforded an opportunity to respond to the government's submissions and has done so.  After due consideration and upon review of the motion, the pleadings, and the record, the court concludes that an evidentiary hearing is not required and

---

[2]Moorman asserts that *Booker*, in addition to providing him with a basis for a claim that his Sixth Amendment rights were violated, also provides him with a "sturdy foundation" for a double jeopardy claim. (Doc. No. 7 at 4.)  In this regard, he asserts that the district court's enhancement of his offense level based on his possession of a firearm in connection with his drug offense violated double jeopardy principles, "given the [prosecution's] failure to obtain the jury's approval on the aggravating fact of firearm use."  (*Id.*)  However, Moorman was not charged with a firearm offense  of which the jury acquitted him, and in any event, a jury verdict of acquittal as to a firearm offense would not have prevented the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct was proved by a preponderance of the evidence.  *See United States v. Watts*, 519 U.S. 148, 154-56 (1997) (sentencing enhancements do not punish defendant for crimes of which he was not convicted, but rather increase his sentence because of manner in which he committed crime of conviction).

[3]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  This section became effective on April 24, 1996.

that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Moorman's motion should be denied.

## II. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

By operation of law, Moorman's conviction became final on June 30, 1999, upon expiration of the 90-day period to file a petition for certiorari with the United States Supreme Court.[4] Thus, Moorman had until June 30, 2000, to file a timely § 2255 motion. The motion in this case was filed on January 11, 2006, well beyond the one-year period of limitation.

As indicated above, 28 U.S.C. § 2255 directs that in those cases where the alleged "right has been newly recognized by the Supreme Court and made retroactively applicable

---

[4]When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

to cases on collateral review" the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court ...."  Moorman contends that his claim under *United States v. Booker*, 543 U.S. 220 (2005), qualifies as newly recognized right that should be applied retroactively to his case.[5]  The government, however, correctly responds that *Booker* has not been made retroactively applicable to cases on collateral review.[6]  *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings)[7]; *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications).  Thus, Moorman's claim under *Booker* does not entitle him to benefit from § 2255's exception to the limitation period for newly recognized rights made retroactively applicable to cases on collateral review.

Moorman also suggests that his § 2255 motion – and the *Booker* claim contained within – is timely under the Supreme Court's holding in *Dodd v. United States*, 545 U.S.353 (2005).[8]  In *Dodd*, the Supreme Court stated that a petitioner has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file a § 2255

---

[5]*Booker* was decided on January 12, 2005, long after Moorman's conviction became final.

[6]Thus, the government also argues that Moorman's claim for relief based on *Booker* is not cognizable by this court in a § 2255 proceeding.

[7]The Supreme Court has heard oral argument in *Burton v. Stewart,* No. 05-9222 (June 5, 2006), in which the court is considering whether *Blakely v. Washington*, 542 U.S. 296 (2004) is retroactive in collateral proceedings.  *United States v. Booker*, 543 U.S. 220 (2005), of course, extended the Court's holding in *Blakely* to the United States Sentencing Guidelines.

[8]Moorman argues that he had until January 12, 2006 – one year after *Booker* was decided – to file a § 2255 motion asserting a timely *Booker* claim.

4

motion pursuant to ¶ 6(3) of that statute. *Id*. at 357-58. However, the Supreme Court held that a petitioner cannot take advantage of this date unless the other conditions of this statute are also met; that is, not only must the right be newly recognized but it must *also* have been made retroactively applicable to cases on collateral review. *Id*. Moorman's reliance on *Dodd* is therefore misplaced because, as noted above, *Booker* has not been made retroactively applicable to cases on collateral review. Thus, the limitation period in Moorman's case began to run when his conviction became final and not when *Booker* was decided by the Supreme Court.

It does not appear that any of § 2255's other exceptions to application of the limitation period are applicable in this case. That is, the government has not prevented Moorman from filing an earlier § 2255 motion, nor has Moorman submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction. Under the circumstances of this case as outlined herein, the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Moorman's filing of his § 2255 motion in this court.

The limitation period "may be equitably tolled" on grounds apart from those specified in the statute if there are "extraordinary circumstances" presented by the movant which warrant an "equitable tolling" of the limitation period. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). This court entered an order allowing Moorman an opportunity to show cause why his § 2255 motion should not be barred from review by this court.

Specifically, Moorman was advised that he failed to file the motion within the one-year limitation period established by 28 U.S.C. § 2255.  On March 16, 2006 (Doc. No. 7), Moorman filed a response to the court's order; however, in that response, Moorman does not assert any matters to indicate the existence of "extraordinary circumstances" which might warrant an equitable tolling of the limitation period in his case.

Based on the foregoing, the court finds that there is nothing before this court to indicate the existence of "extraordinary circumstances" which warrant an equitable tolling of the limitation period.  The court further concludes that Moorman fails to show cause why his § 2255 motion should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation **[on or before November 28, 2006.]**   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of November, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE